UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN ACCOUNTABILITY FOUNDATION, 300 Independence Avenue SE Washington, DC 20003 | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Civil Action No. |
| U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, 99 New York Avenue, NE Washington, DC 20226 | ) ) ) ) ) | |
| *Defendant.* | ) ) ) | |

## COMPLAINT

The U.S. Bureau of Alcohol, Tobacco, and Firearms ("ATF") has withheld records that the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requires it to release. Accordingly, Plaintiff American Accountability Foundation files this complaint seeking declaratory and injunctive relief to compel ATF's compliance with the requirements of FOIA to release the requested records.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 8 U.S.C. § 1391(e).

1

## PARTIES

3.     Plaintiff American Accountability Foundation is a public interest non-profit organization, organized under the laws of Delaware with its principal place of business at 300 Independence Ave. SE, Washington, DC 20003. Founded in 2020, American Accountability Foundation investigates and reports on bureaucratic overreach that impacts constitutional liberties. American Accountability Foundation's activities include review of nominees for federal office.

4.     The ATF is an agency within the U.S. Department of Justice. The ATF has possession, custody, and control of the requested records and is subject to the jurisdiction of 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

5.     David H. Chipman was nominated to become the director of ATF.

6.     The nomination of a director of ATF requires Senate confirmation.

7.     As part of that confirmation process, David H. Chipman provided testimony to the United States Senate Committee on the Judiciary.

8.     In an answer to a question from Senator Ted Cruz, David H. Chipman admitted that at least two Equal Employment Opportunity Commission complaints had been filed against him while he was previously employed at ATF.

9.     David H. Chipman also admitted to Senator Ted Cruz that his personnel file was still under the control of the federal government.

10.     On information and belief, there were more than two Equal Employment Opportunity Commission complaints filed against David H. Chipman.

11.     On information and belief, the ATF took several disciplinary actions against David H. Chipman.

12.     On information and belief, complaints were filed against David H. Chipman while he was an agent in Detroit and involved allegations of professionally impermissible statements alleging inability of minority agents to succeed on standard examinations without cheating.

13.     On information and belief, ATF has retained records relating to these complaints.

14.     On information and belief, complaints were filed against David H. Chipman that involved allegation of sexual harassment of ATF employees.

15.     On information and belief, ATF has retained records relating to these complaints.

<u>Plaintiff's First FOIA Request</u>

16.     On April 20, 2021, Plaintiff submitted to the ATF via email a FOIA request for:

> Copies of all complaints, grievances, requests for investigation, or investigatory documents related to employee misconduct, harassment, malfeasance, or other violations of the standards of professional conduct by or regarding Mr. David H. Chipman. These records would include, but not be limited to, allegations of sexual harassment, racial discrimination, denial of rights, profiling, excessive use of force, misconduct involving abuse or violence, unauthorized use of ATF systems, equipment, or authority; governmental ethics violations; or other prohibited personnel practices.

17.     The request authorized redaction of any personal identifying information of complainants.

3

18.     On May 4, 2021, ATF responded by stating that it had transferred the request to the National Personnel Records Center at the National Archives.

19.     On May 20, 2021, ATF responded to further questions from Plaintiff stating that it had not located the files, but was making further inquiries with management officials responsible for "EEO, Professional Responsibility, etc."

20.     On May 21, 2021, ATF sent an email to Plaintiff stating that it was working with the EEO office examining records in the EEO office. The email went on to state that the sender would talk to "the Office of Professional Responsibility on Monday RE records of any other kinds of allegations of impropriety or misconduct."

21.     No further communication was received.

<u>Plaintiff's Second FOIA Request</u>

22.     On May 4, 2021, Plaintiff submitted a second request to ATF for "Copies of all disciplinary records or records related to investigations of employee misconduct or malfeasance by David H. Chipman, former ATF Agent."

23.     The request authorized redaction of any personal identifying information of complainants.

24.     The second request specifically stated that it sought records from 1988 through 2012.

25.     The ATF acknowledged the second request on May 6, 2021, in a notice that stated that the request had been forwarded to "ATF's Office of Public and Govern-mental Affairs (PGA) for processing on May 4, 2021. Even though my directorate may

4

be involved in the collection of information to respond to FOIA requests, all responses to the requests will come from PGA."

26.     There has been no further correspondence from ATF on the second FOIA request.

<u>The Defendant Fails to Comply with Either FOIA Request</u>

27.     To date, Plaintiff has received no responsive documents for either request.

28.     The ATF has acknowledged the receipt of both FOIA requests more than twenty working days ago, and it therefore appears to have failed to comply with 5 U.S.C. § 552(a)(6)(A)(i).

29.     Even in the face of documents known to exist based on the testimony of Mr. Chipman, ATF has failed to produce even a single page of responsive materials, either because they are not looking in the right places or because they are refusing to turn over what they have discovered.

30.     Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA requests.

31.     The ATF has wrongfully withheld the requested records from Plaintiff.

**<u>CLAIMS FOR RELIEF</u>**

**<u>First Cause of Action</u>**

<u>Injunction Requiring a Formal Response</u>

32.     Plaintiff served two FOIA requests on ATF according to the requirements of 5 U.S.C. § 552(a)(6)(A).

33.   ATF responded to both requests, but failed to comply with the statutory requirement that ATF formally state whether it would comply with or deny the requests.

34.   ATF claimed to refer both requests to other agencies or other offices within ATF as potential sources of information, but did not specifically request an extension for unusual circumstances.

35.   Even treating ATF's response as a request for extension under unusual circumstances ATF failed to comply with the deadline for a formal response under unusual circumstances under 5 U.S.C. § 552(a)(6)(B)(i).

36.   ATF has currently not issued a final response to either FOIA request and has not produced any documents responsive to either FOIA request.

37.   Thus, Plaintiff is entitled to injunctive relief ordering ATF to provide a formal response either agreeing to comply with each respective request or denying each request, along with the legal basis for such a denial if any.

## Second Cause of Action

### Injunction Requiring Production of Responsive Documents

38.   On information and belief, ATF is in possession of responsive documents which it is legally obligated to turn over in response to Plaintiff's FOIA requests.

39.   ATF has not provided any legal justification for failing to turn over these responsive documents.

40. Plaintiff is entitled to receive copies of these documents under 5 U.S.C. § 552(a)(4)(B).

41. Thus, Plaintiff is entitled to injunctive relief ordering ATF to turn over copies of responsive documents.

### Third Cause of Action

Attorney Fees

42. 5 U.S.C. § 552(a)(4)(E) authorizes the Court to award attorney fees and other litigation costs incurred in any case brought under this section if the complainant substantially prevails.

43. Plaintiff is entitled to be a prevailing party under the controlling law and on that basis requests an award of attorney fees and other costs associated with this action.

### DEMAND FOR RELIEF

Plaintiff respectfully asks that this Court:

A. Order the Defendants to issue a final decision on both FOIA requests at issue here.

B. To the degree that responsive documents are in the possession of Defendant, order the Defendant to disclose by a date certain the requested records in their entireties, with redactions for sensitive information of victims per the original request, and make copies available to Plaintiff.

C. Enjoin Defendant from continuing to withhold all non-exempt records responsive to Plaintiff's FOIA requests.

D. Award Plaintiff its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such other relief as the Court may deem just and proper.

Dated: June 22, 2021                        Respectfully submitted,


*/s/ Michael Buschbacher*              */s/ Blake W. Meadows*
Michael Buschbacher                    Blake W. Meadows
    D.D.C. Bar No. 1048432                 Georgia Bar No. 569729
Boyden Gray & Associates               Travis W. Smith
801 17th Street NW, Suite 350              Georgia Bar No. 153045
Washington, DC 20006                   Foster, Foster, & Smith, LLC
(317) 513-0622                         118 S. Main St.
buschbacher@boydengrayassociates.com   Jonesboro, GA 30236
                                       Phone: (770) 478-4000
*Attorney for the Plaintiff*           bmeadows@fostersmith.law
                                       tsmith@fostersmith.law
                                       *Appearing Pro Hac Vice,*
                                       *Applications submitted herewith.*