# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN ACCOUNTABILITY FOUNDATION, 300 Independence Avenue SE Washington, DC 20003, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:21-cv-1669 (RDM) |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, 99 New York Avenue, NE Washington, DC 20226, | ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"),[1] answers Plaintiff's Complaint, ECF No. 1, in correspondingly numbered paragraphs:

The first paragraph, which is unnumbered, consists of a legal conclusion and Plaintiff's characterization of its Complaint and this lawsuit, to which no response is required.

1. The allegations in this paragraph consist of legal conclusions regarding jurisdiction, to which no response is required.

2. The allegations in this paragraph consist of legal conclusions regarding venue, to which no response is required.

3. Defendant lacks knowledge or information sufficient to form a belief as to the

---

[1] ATF is a component of the U.S. Department of Justice, which, although not named, is the proper defendant in a Freedom of Information Act ("FOIA") action.

1

truth of the allegations in this paragraph.

4. Defendant admits that ATF is a component of the U.S. Department of Justice. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

5. Admitted.

6. Admitted.

7. Admitted.

8. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

9. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Admitted. Defendant respectfully refers the Court to Plaintiff's FOIA request for a full and accurate statement of its contents.

17. Admitted. Defendant respectfully refers the Court to Plaintiff's FOIA request for a full and accurate statement of its contents.

18. Denied. Defendant points out that, by letter dated May 24, 2021 (not May 4), ATF notified Plaintiff that it was referring Plaintiff's FOIA request to the National Personnel Records Center for a direct response. Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents. Defendant clarifies that it meant to convey in its letter that it was referring the request to the National Personnel Records Center only as to a search for responsive records in Mr. Chipman's Official Personnel File, which is located at the National Personnel Records Center, for a direct response, and that ATF intended to conduct a search of its own files. This explanation was unintentionally omitted due to an administrative error, and ATF later clarified this with attorney Rob Olson via email on May 20, 2021, after prior email communication from Mr. Olson dated May 12, 2021, indicating that his law firm was representing Plaintiff.

19. Defendant admits that it responded to further questions from Mr. Olson via email on May 20, 2021. Defendant's May 20, 2021 email noted that Defendant's search was ongoing, that Defendant had not yet located records, and that Defendant was "following up with management officials with responsibility for EEO, Professional Responsibility, etc." Defendant respectfully refers the Court to its May 20, 2021 email for a full and accurate statement of its contents.

20. Admitted. Defendant notes that it sent this email to Mr. Olson. Defendant respectfully refers the Court to its May 21, 2021 email for a full and accurate statement of its

contents.

  21. Defendant admits that it has not issued a final response to Plaintiff's FOIA request.

  22. Admitted. Defendant respectfully refers the Court to Plaintiff's FOIA request for a full and accurate statement of its contents.

  23. Admitted. Defendant respectfully refers the Court to Plaintiff's FOIA request for a full and accurate statement of its contents.

  24. Admitted. Defendant respectfully refers the Court to Plaintiff's FOIA request for a full and accurate statement of its contents.

  25. Admitted. Defendant respectfully refers the Court to its May 6, 2021 email for a full and accurate statement of its contents.

  26. Defendant admits that it has not issued a final response to Plaintiff's FOIA request.

  27. Admitted.

  28. Defendant admits that, by letter dated May 5, 2021, and email dated May 6, 2021, it acknowledged receipt of both of Plaintiff's FOIA requests. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

  29. Denied.

  30. The allegations in this paragraph consist of legal conclusions, to which no response is required.

  31. Denied.

  32. The allegations in this paragraph consist of legal conclusions, to which no response is required.

33. Defendant admits that, by letter dated May 5, 2021, and email dated May 6, 2021, it acknowledged receipt of both of Plaintiff's FOIA requests. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

34. Admitted.

35. The allegations in this paragraph consist of legal conclusions, to which no response is required.

36. Admitted.

37. The allegations in this paragraph consist of legal conclusions, to which no response is required.

38. The allegations in this paragraph consist of legal conclusions, to which no response is required.

39. Defendant admits that it has not issued a final response to Plaintiff's FOIA requests. To the extent that this paragraph alleges that Defendant possesses responsive documents that it is legally obligated to produce, that allegation is a legal conclusion, to which no response is required.

40. The allegations in this paragraph consist of legal conclusions, to which no response is required.

41. The allegations in this paragraph consist of legal conclusions, to which no response is required.

42. The allegations in this paragraph consist of legal conclusions, to which no response is required.

43. The allegations in this paragraph consist of legal conclusions, to which no response is required.

The remaining paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the remaining paragraphs of the Complaint and denies that Plaintiff is entitled to any relief.

Defendant denies all allegations in the Complaint not expressly admitted or denied.

### First Defense

Plaintiff has not served in a way permitted by Rule 4 of the Federal Rules of Civil Procedure a copy of the summons and Complaint on the Attorney General of the United States or ATF. Thus, Plaintiff has insufficiently served process.

### Second Defense

Plaintiff is not entitled to compel production of information exempt from disclosure under FOIA.

Dated: August 6, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director
Federal Programs Branch

/s/ Bradley Craigmyle
BRADLEY CRAIGMYLE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 11216
Washington, D.C. 20005
Telephone: (202) 616-8101
Facsimile: (202) 616-8460

*Counsel for Defendant*